U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Jun 04 - 2026**

John M. Domurad, Clerk

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) |
| MUCUR-Yucute, Sergio | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

Case No.   1:26-MJ-127 (PJE)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of June 3, 2026, in the county of Washington in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | The defendant, an alien, native and citizen of Guatemala, after having been deported or removed from the United States, entered, and was thereafter found in the United States without the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, having expressly consented to his reapplication for admission into the United States. |

This criminal complaint is based on these facts:

☒    Continued on the attached sheet.

_____
Complainant's signature

Joseph N. Kochanskyj, Homeland Security Investigations
_____
Printed name and title

Attested to by the Affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    June 4, 2026

_____
Judge's signature

City and State:    Albany, New York

Hon. Paul J. Evangelista, U.S. Magistrate Judge
_____
Printed name and title

*Continuation Sheet, United States v. **Sergio MUCUR-Yucute***

*Affidavit in Support of Criminal Complaint*

**I, Joseph N. Kochanskyj,** having been first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the U.S. Immigration and Customs Enforcement Office of Homeland Security Investigations (HSI). In this role, I have participated in numerous investigations involving violations of the Immigration and Nationality Act including investigations involving illegal entry and fraudulent documents.

2. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers, and on my experience and training. As this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the requested complaint and arrest warrant.

**Applicable Statute**

3. 8 U.S.C. § 1326 provides that "any alien who--(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2)enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under title 18, or imprisoned not more than 2 years, or both."

**Basis for Probable Cause**

4. On June 3, 2026, I was notified by DHS Immigration and Customs Enforcement (ICE) Enforcement Removal Officer's (ERO) that Sergio MUCUR-Yucute ("MUCUR"), a citizen and national of Guatemala, had been found in Fort Ann, NY. MUCUR was a passenger in a vehicle that was stopped by ERO as part of a targeted enforcement operation in Fort Ann, NY. MUCUR was arrested and transported to the ICE Office in Malta, NY for processing.

5. DHS database checks revealed the following:

    a. MUCUR was arrested by DHS Immigration and Customs Enforcement (ICE) Enforcement Removal Officer's (ERO) near Hartford, Connecticut on August 27,

       2013, having overstayed his Nonagricultural Temporary Worker (H-2B) and was processed for removal proceedings.

    b. MUCUR was ordered removed by an immigration judge on September 5, 2013, and subsequently removed from the United States to Guatemala on September 19, 2013.

    c. MUCUR is not a Legal Permanent Resident of the United States and is a citizen of Guatemala.

    d. MUCUR did not obtain the express consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security, to reapply for admission to the United States prior to his re-entry and being found in the United States on June 3, 2026.

6. During an interview at HSI in Malta, MUCUR was advised of his rights and voluntarily agreed to speak with officers, with the assistance of a Spanish interpreter. During the interview, MUCUR admitted:

    a. he was a citizen of Guatemala.

    b. he did not have permission to be in the United States.

    c. he had previously been removed from the United States.

    d. he did not submit any applications to the U.S. Government for lawful entry into the United States.

7. Based on the foregoing, there is probable cause to believe that on June 3, 2026, in Washington County, in the Northern District of New York, the defendant, Sergio MUCUR-Yucute, an alien, native and citizen of Guatemala, who had been removed from the United States, was thereafter found in the United States near Fort Ann, New York, without having obtained the express consent of the Attorney General, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

3

Attested by the affiant,

Joseph Kochanskyj
HSI Special Agent

I, the Honorable Paul J. Evangelista, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant on June __4th__, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Paul J. Evangelista
United States Magistrate Judge